DAVEY, APPELLANT, *v.* DAVEY ET AL., RESPONDENTS.

(No. 6,217.)

(Submitted January 7, 1928. Decided January 25, 1928.)

[263 Pac. 415.]

*Claim and Delivery — Livestock — Agisters' Liens—Burden of Proof—Conflict in Evidence—Judgment Conclusive.*

Claim and Delivery—Right to Possession—Burden of Proof—Plaintiff cannot Rely upon Weakness of Title of Defendant.
1.   In an action in claim and delivery to recover livestock under an alleged agister's lien, plaintiff was required to prove by a preponderance of the evidence his right of possession and could not rely upon the weakness of his adversary's claim of right of possession under a chattel mortgage.

Same—Livestock—Plaintiff Relying upon Agister's Lien—Intent to Claim or not Claim Lien Prior to Seizure by Chattel Mortgagee Proper to be Considered by Court.
2.   In determining whether plaintiff in a claim and delivery action for the recovery of livestock on which he asserted an agister's lien was entitled to prevail, the court could properly take into consideration whether he intended to claim, or claimed, a lien prior to being dispossessed under a chattel mortgage held by defendant.

Same—Conflict in Evidence—Judgment Conclusive.
3.   On appeal from the judgment in a claim and delivery action, tried by the court without a jury, in which the court, in rendering judgment for defendant, must have impliedly found that plaintiff's alleged agister's lien was nonexistent but that, if it ever existed, it accrued long prior to the execution of a chattel mortgage under which the livestock in question were seized by defendant, the judgment, based upon conflicting evidence, may not be disturbed on the ground of insufficiency of the evidence to sustain it, it appearing that there was substantial evidence to justify it.

[1–3]   Appeal and Error, 4 C. J., sec. 2855, p. 884, n. 37.   Liens, 37 C. J., sec. 15, p. 313, n. 43.   Replevin, 34 Cyc., p. 1385, n. 51, p. 1500, n. 99, p. 1501, n. 11, p. 1506, n. 50, p. 1507, n. 59, p. 1519, n. 56.

*Appeal from District Court, Hill County, in the Eighteenth Judicial District; C. W. Pomeroy, Judge of the Eleventh District, presiding.*

1.   See 23 R. C. L. 935.
3.   See 2 Cal. Jur. 921; 2 R. C. L. 204.

ACTION by Albert Davey against Eunice H. Davey and J. N. Thelen. From the judgment for defendants, plaintiff appeals. Affirmed.

*Messrs. Hurd, Rhoades & Hauge, Mr. H. C. Hall* and *Mr. E. J. McCabe,* for Appellant, submitted a brief; *Mr. McCabe* argued the cause orally.

*Messrs. Freeman, Thelen & Frary,* for Respondents, submitted a brief; *Mr. James W. Freeman* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action in claim and delivery. The complaint states two causes of action.

In his first cause of action, plaintiff alleges the wrongful taking from him, by defendants, and detention of certain cattle, described therein, alleged to be the property of plaintiff and of the alleged value of $400.

In his second cause of action, plaintiff alleges, in substance, that, at the request of Defendant Eunice H. Davey, plaintiff fed and pastured a lot of other cattle (which, it appears from the pleadings and the evidence, belonged to her), delivered to him by her, and so cared for them and their increase until the reasonable value of such service amounted to $2,950, no part of which, he alleges, has been paid, and that at all times he claimed and he does claim an agister's lien, for that amount, on certain of such cattle, described in the second cause of action. He alleges the value of the specified cattle to be $1,600 and alleges that defendants wrongfully took them from his possession and detain and refuse to return them.

Plaintiff prays judgment for the return to him of all of the cattle described in his complaint or, if the return thereof cannot be had, for the sum of $2,000, the value thereof.

Defendant Eunice H. Davey is the wife of plaintiff. They were married January 8, 1920. Plaintiff, in his second cause

of action, alleges that the original lot of cattle which he fed and pastured for her, as therein alleged, was delivered to him, for that purpose, on or about July 3, 1915. The defendants answered separately. Their answers to plaintiff's first cause of action need not be noticed.

Answering the second cause of action of the complaint, Defendant Thelen admits that the cattle therein described were the cattle of Defendant Davey and that he took and detains and refuses to return them and denies all other allegations. He justifies the taking by reason of two chattel mortgages on the cattle, executed by Defendant Davey to secure, respectively, payment of certain promissory notes made by her. One of the mortgages, he alleges, was executed and delivered to the Farmers' State Bank of Havre, a corporation, to secure payment of her two certain promissory notes to the bank; was renewed and extended and later was purchased by him. The other mortgage, a subsequent one, he alleges, was executed and delivered, by Defendant Davey, to him, to secure payment of her certain promissory note to him. He alleges that, at the time he took the cattle, he was the owner and holder of both mortgages; that the indebtedness secured by the first was wholly due and unpaid and that, by the second mortgage, he was authorized to take the property whenever he might consider possession thereof essential to the payment of the note described in the mortgage and that he took it because he did consider possession so essential.

Answering the second cause of action of the complaint, Defendant Davey admits that the cattle therein described were her property and denies substantially all other allegations. She alleges her marriage to plaintiff and alleges an antenuptial property agreement between them. She alleges that plaintiff offered to care for her cattle and said he would make no charge therefor and she agreed and it was so understood; that, after marriage, she lived with plaintiff and helped to care for the cattle of both and did her share and her duty as a wife and that plaintiff has no claim against her. She

alleges the giving of the two chattel mortgages mentioned in Defendant Thelen's answer and that it was done with the knowledge and consent of plaintiff and that the indebtedness secured by each had not been paid. Pleading further, she set up a counterclaim, in damages, to which a demurrer was sustained, and it need not be noticed.

Plaintiff replied separately to each of the answers. Replying to the answer of Defendant Davey, made to plaintiff's second cause of action, plaintiff admits their marriage and antenuptial property agreement and denies all other affirmative allegations. Replying to the answer of Defendant Thelen, made to the second cause of action, plaintiff denies substantially all allegations of new matter.

Trial was begun to the court, sitting with a jury, and proceeded. Evidence was offered by each and all of the parties and was received. When the time arrived for defendants to offer evidence, counsel for plaintiff objected to the admission of any evidence under the answer of Defendant Thelen, for the reason, asserted, that his answer did not state facts constituting a defense to the complaint. The objection was overruled.

At the close of all of the evidence, counsel for plaintiff moved the court to direct a verdict for plaintiff. Then, counsel for defendants (same counsel representing both defendants) moved the court to direct verdicts, severally, for each defendant. Thereupon, by agreement of counsel, the court dismissed the jury and took upon itself the decision of the cause. Briefs were submitted and the cause was taken under advisement and thereafter the court rendered and entered judgment for the plaintiff and against both defendants, on the first cause of action of the complaint, except as to one certain steer therein mentioned, and, on the second cause of action, for Defendant Thelen and against plaintiff, as to the cattle mentioned in the second cause of action, and likewise as to the one certain steer mentioned in the first cause of action, to which it was decided plaintiff was not entitled.

Plaintiff appealed from the judgment. The judgment being for plaintiff on the first cause of action of his complaint, except as to one steer, the appeal substantially is from the judgment in favor of Defendant Thelen on the second cause of action. No exception is taken to that provision of the judgment which awards to Defendant Thelen the one certain steer mentioned in the first cause of action. No point is made of it; it is not discussed or referred to by any of the counsel; there is no assignment of error predicated thereon. The briefs and assignments are wholly as to the judgment on the second cause of action. Therefore, this appeal is the same as if plaintiff's second cause of action and the answers thereto and the replies to such answers were the only pleadings involved in the cause and, the issues thereof were the only issues tried below and now before this court. We proceed accordingly.

Counsel for plaintiff assign a number of specifications of error. One is that the court erred in overruling the objection of plaintiff to the admission of any evidence under the answer of Defendant Thelen, for the reason, asserted, that his answer did not state facts sufficient to constitute a defense. Another is that the court erred in rendering judgment in favor of Defendant Thelen, for the reason, asserted, that the judgment is contrary to and is not supported by the evidence and is, in effect, a denial of plaintiff's motion for a directed verdict, which should have been granted, it is asserted. The remaining specifications assigned relate to the admission in evidence, over objection, of certified copies of the chattel mortgages pleaded, proof of assignment of one thereof and certain oral testimony relating to the mortgages and such assignment. We shall consider now the specification concerning objection to admission of any evidence under the answer of Defendant Thelen and that concerning alleged error of the court in rendering its judgment. We shall consider them together.

This being an action in claim and delivery, plaintiff was re-[1–3] quired to prove by a preponderance of the evidence his right of possession and he could not rely upon weakness of

his adversaries' claim of right of possession. (23 R. C. L. 866.) He had to establish right of possession in himself or he could not recover. His complaint and his testimony show that the cattle herein involved belonged to Defendant Davey. Plaintiff based his right of possession on an alleged agister's lien. As we view it, the decision of this case depends upon whether or not plaintiff was entitled to and had an agister's lien on the cattle in question. If he was entitled to and had such a lien, prior to execution of the chattel mortgages pleaded and in evidence, he should recover; if not, he should not.

Careful perusal of the record discloses that there is some evidence tending to show that plaintiff was entitled to an agister's lien and some evidence tending to show he was not entitled to such a lien. Plaintiff's testimony tended to prove facts that would entitle him to the lien asserted. The testimony of Defendant Davey tended to prove facts that would show him not to be entitled thereto. Plaintiff testified he fed and pastured her cattle at her instance and request. She testified he offered, of his own volition, to care for her cattle and agreed to do so without charge. There is some evidence to corroborate each.

It was for the trial court to consider all the evidence on that point; the testimony of the two principal witnesses, Mr. and Mrs. Davey; the testimony of witnesses corroborative of one or the other, witnesses who saw the couple and observed their relations and knew their manner of caring for livestock possessed by either or both; evidence of Mrs. Davey's participation in ranch work, looking after livestock, doing her share and the like; evidence of conversations and admissions of the litigants; letters admitted in evidence; the antenuptial agreement admitted in evidence.

Inevitably, by its decision the trial court impliedly found that plaintiff was not entitled to an agister's lien. His claim of lien far antedates the execution of the first of the chattel mortgages. According to the evidence, it is clear that, if the facts entitle him to a lien at all, the right to a lien accrued

long before execution of the first mortgage. Had he been found entitled to a lien at all, it would have been superior to both mortgages. Had the court found plaintiff entitled to a lien, inevitably it would have given him judgment. Not having given him judgment, the court must have found he was not entitled to a lien.

As illuminative of the issue of lien or no lien, it was permissible to consider if plaintiff had any intent to claim or claimed a lien before being dispossessed of the cattle. Intent may be considered. (37 C. J. 313.) It may be there is evidence that plaintiff did intend to and did claim a lien before the taking of the cattle; it is certain there is evidence to the contrary. The court found against him.

On the issue of lien or no lien, there is a sharp conflict of evidence. It was for the trial court to decide. In a law action, tried to the court, upon appeal from the judgment, for alleged insufficiency of the evidence, a judgment based on conflicting evidence will not be disturbed if the evidence of the prevailing party be substantial and sufficient to justify the judgment. (*Penn* v. *Oldhauber,* 24 Mont. 287, 61 Pac. 649; *Way* v. *Sherman,* 30 Mont. 410, 76 Pac. 942; *Goldsmith* v. *Murray,* 48 Mont. 337, 138 Pac. 187; *Bank of Commerce* v. *United States Fidelity & Guaranty Co.,* 58 Mont. 236, 194 Pac. 158.) In this case, there is sufficient substantial evidence, as to lien or no lien, to sustain the judgment. Therefore, we may not disturb it.

It being established that plaintiff had no lien, it is unnecessary for us to go further or consider any of the other specifications of error. As plaintiff had no lien, he had no right of possession and it was of no concern to him who was in possession of the cattle nor whether rightfully or wrongfully nor by what authority or if by any authority at all. As he had no lien, it is immaterial whether or not proof of the chattel mortgages was properly made or any testimony in regard thereto was properly admitted; immaterial whether Defendant Thelen took the property, in person or by the sheriff, under the chat-

tel mortgages or whether Mrs. Davey voluntarily turned over the property to him. Not only is there sufficient substantial evidence to support the judgment but we hold the pleadings justify the evidence and support the judgment.

There is ample showing, under the pleadings and in the evidence, that Defendant Thelen obtained the cattle, as against Mrs. Davey (of which she does not complain), under and by virtue of the mortgages held by him, and to support the action of the court in rendering its judgment in favor of Thelen alone.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.