O'CONNELL, APPELLANT, v. HAGGERTY, RESPONDENT.

No. 9092.

Submitted October 23, 1952.   Decided February 19, 1953.

253 Pac. (2d) 578.

Mr. Sherman W. Smith, Mr. Lloyd J. Skedd, Mr. Donald H. Smith, Mr. Ralph J. Anderson, Helena, for appellant.

Messrs. Hall, Alexander and Burton, Mr. John H. Kuenning, Great Falls, for respondent.

Mr. Ralph J. Anderson and Mr. John H. Kuenning argued orally.

MR. JUSTICE BOTTOMLY:

This is an appeal by the plaintiff from a judgment of the district court in favor of the defendant, in a claim and delivery action.

From the record it appears that the plaintiff and defendant met in Browning, Montana, in April 1947, and entered into an oral contract to the effect that defendant would pasture plaintiff's steers at the rate of $1.50 per head per month.

Thereafter plaintiff delivered the steers to the defendant. The evidence is conflicting as to the number of cattle delivered and the date they were delivered to defendant and the date they were delivered back to the plaintiff. The evidence is also in conflict as to what the agreement was relative to the period of time for which defendant would be paid. Plaintiff contended he was to be charged only for the period of time the cattle were actually pastured on defendant's lands, while defendant contended that he was to be paid in accordance with the custom controlling, which was from the time the cattle were unloaded at the railroad yards and turned over to him and until they were delivered back to plaintiff at the shipping point designated by plaintiff. The cattle were unloaded at Blackfoot on April 28, 1947, and trailed out to the defendant's lands by defendant's three men on horses and one man with a truck pulling a covered sheep wagon with food, cooking and camp

equipment. Plaintiff accompanied the cattle to defendant's lands. The cattle arrived on defendant's lands May 1, 1947, and were pastured there until September 29, 1947, when plaintiff directed defendant to bring the cattle into Blackfoot. Defendant trailed the cattle back to Blackfoot with the exception of four head which plaintiff cut back and left at defendant's place, "because they were disturbing the trail herd." One of these steers died and the other three head left with defendant are the subject of this action.

Plaintiff contends that the monthly pay should be from May 1, 1947, to September 29, 1947; while defendant contends he should be paid from April 29, 1947, to October 6, 1947, when the last of the cattle were delivered at Browning, except the three steers left with defendant and for which defendant claims care and pasturage.

The cattle were trailed back from defendant's lands to Blackfoot where they were held by defendant while plaintiff was making a deal to sell the steers. Part of the herd were then loaded at Blackfoot and the balance trailed by defendant and his men and plaintiff to Browning where they were turned back to plaintiff, on October 2, or 6, 1947. Apparently plaintiff sold his cattle to a man named Nelson at the yards in Blackfoot.

Plaintiff paid the defendant $2,000 on account and on October 29, 1947, plaintiff sent defendant a further check for $2,522.15 which he considered the balance due. Defendant returned the check claiming $2,826.65 as the balance. Thereafter the parties met in Helena on November 29, 1947, and discussed their differences, resulting in the plaintiff giving to defendant a check in the sum of $2,613.50. The check bore the notation: Pasture in full 609 steers, 5 months at $1.50. Defendant endorsed and cashed this check.

Plaintiff contends that the giving of the check and its acceptance and cashing by defendant constituted an accord and satisfaction and a complete and final settlement of all claims between the parties. Defendant contends that the check does not purport to be in payment of all claims. It is only in full for

pasturing 609 steers for 5 months at the rate of $1.50 per head per month. Nothing therein refers to the $65 advanced by defendant nor the fact that the three head were still being pastured and cared for by defendant on his lands, and the difference in the date of delivery of the cattle by plaintiff to defendant and the date of delivery of the cattle by defendant back to the plaintiff.

The complaint was verified on December 13, 1947, and filed December 18, 1947, and among other things alleges that plaintiff, on the 13th day of December 1947, was and now is the owner and entitled to the immediate possession of the three head of steers and that defendant on the 1st day of May 1947, came into possession of said personal property and still retains possession and claims a lien thereon in the sum of $213.15; that plaintiff at Helena, Montana, made demand of defendant on December 9, 1947, for the possession of the three steers but defendant refused and still refuses to deliver possession thereof.

It is obvious that the complaint does not allege ownership and right of immediate possession in plaintiff on these three steers on December 9, 1947, the date of the alleged demand. Defendant being in lawful possession and claiming a statutory lien thereon, demand was necessary. After a careful reading of the record we find no clear or definite evidence of ownership in plaintiff at the time of the alleged demand or at any time of these particularly described and branded three head of steers.

There is no evidence in the record that the plaintiff either verbally or in writing made any demand of defendant on December 9, 1947, or on any other date, for the possession of the three steers. It is true plaintiff testified that he sent his truck up to defendant's place twice for the steers at some time, apparently in December of 1947, and "they refused to deliver the steers to me." The record is otherwise silent in this particular. Compare Hennessy Co. v. Wagner, 69 Mont. 46, 220 Pac. 101.

Plaintiff predicates error on the court's findings No. 2 and No. 4. The court in its finding No. 2 found: "That the defendant has not been paid in full by plaintiff or otherwise for

the keeping, feeding, herding and pasturing of said 609 head of steers or said three head of steers and has legal possession and is entitled to retain possession of said three head of steers until such payment has been made, and has a lien upon said three head of steers under the provisions of Section 45-1106, Revised Codes of Montana, 1947, until such payment has been made.'' The court's finding No. 4 is as follows: ''That plaintiff was not, either on the 9th day of December, 1947, or on the 13th day of December, 1947, or at any time thereafter, entitled to the possession of said three steers, described herein and in plaintiff's complaint or any thereof.''

The evidence is not conflicting in regard to the fact that the three steers were turned back by plaintiff to defendant to be pastured, herded and fed by defendant and they so continued to be lawfully in the possession of defendant at all times thereafter and at the time of plaintiff's filing of his complaint on December 18, 1947, and that defendant claimed a lien thereon under the provisions of R. C. M. 1947, sec. 45-1106.

This action, being one in claim and delivery, is a law action wherein the parties waived a jury and tried the cause to the court. The very essence of such an action is for the purpose of trying the issue of the right to possession of personal property. In such action it is incumbent on plaintiff to establish by the preponderance of the evidence the right to the immediate possession in himself at the time the action is brought, and that the defendant is wrongfully in possession. Plaintiff must rely upon the strength of his own right of possession and not upon the weakness of his adversary's claim to such right. Compare Hall v. Hilling, 107 Mont. 432, 86 Pac. (2d) 648.

On the record before us we are unable to say that the evidence preponderates in favor of plaintiff. This court has long been committed to the rule that on appeal of a law action this court will not disturb the findings and judgment of the trial court unless they are contrary to the clear preponderance of the evidence; and when the evidence, fully considered, furnishes reasonable grounds for different conclusions, the

same will not be disturbed. Compare Hitchner & Hitchner, Inc. v. Fox, 109 Mont. 593, 98 Pac. (2d) 327; Stauffacher v. Great Falls Public Service Co., 99 Mont. 324, 43 Pac. (2d) 647, and cases therein cited. See Weakley v. Cook, 126 Mont. 332, 249 Pac. (2d) 926, 8 St. Rep. 164. Conflicts in the evidence are to be resolved by the trier of the facts. See Weakley v. Cook.

As to whether the check in the sum of $2,613.50 was an ██ executed accord and satisfaction was a question of fact. A receipt in full of a particular demand is not conclusive evidence of a general settlement of accounts between the parties. The court resolved the matter in favor of defendant. It is obvious that the court had some evidence, although conflicting in nature, upon which to base that conclusion. Either story may have been plausible and possible, and in such circumstances it is not our province or duty to interfere with such determination. The question whether the check considered herein was in full settlement of all demands due defendant from plaintiff was for the court to determine. Compare: Jensen v. Cloud, 107 Mont. 593, 88 Pac. (2d) 36; Doney v. Ellison, 103 Mont. 591, 64 Pac. (2d) 348; Davey v. Davey, 81 Mont. 375, 263 Pac. 415.

Under the pleadings, facts and circumstances of this case, the findings and judgment should not be disturbed.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES ANGSTMAN and FREEBOURN, concur.