IN THE MATTER OF THE TERMINATION OF THE INTEREST OF CLYDE
.E. CLARK IN AND TO PROPERTY OWNED BY CLYDE E. CLARK
AND HARRIETT RUTHERFORD CLARK AS JOINT TENANTS WITH
RIGHT OF SURVIVORSHIP AND NOT AS TENANTS IN COMMON.
SHELDON CLARK, SHIRLEY T. CLARK, KENNETH G.
CLARK, CARRIE BAYNE, AND SADIE HILL, PLAINTIFFS
AND APPELLANTS, v. HARRIETT RUTHERFORD CLARK,
DEFENDANT AND RESPONDENT.

No. 10617
Submitted November 4, 1963. Decided December 30, 1963.
387 P.2d 907.

Morrow & Nash, James H. Morrow, Jr. (argued), Bozeman, for appellants.

Lyman H. Bennett, Jr. (argued), Roy Keister, Bozeman, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

This is an appeal from a judgment of the district court following a trial at which two separate causes, both of which turn on the same issue, were consolidated. The several appellants, who will be designated as such in this opinion, are the brothers and sisters of the deceased Clyde E. Clark, who died October 14, 1962. The respondent, Harriett Rutherford

Clark, was the wife of Clyde E. Clark until the matrimonial union was dissolved by divorce in 1960. The appellants appeared in the district court as plaintiffs in an action to quiet title to an undivided one-half interest in certain real estate in Gallatin County, Montana; the respondent entered the controversy by way of petition for a decree terminating an alleged joint tenancy in the same property.

The issue before us arises out of the following facts. On June 26, 1950, Clyde E. Clark and his wife, Harriett Rutherford Clark, acquired the property in question by deed "as joint tenants with right of survivorship and not as tenants in common." The grantees were divorced September 14, 1960, and Clyde E. Clark died, leaving as heirs the appellants, on October 14, 1962. While the appellants, at the trial below, attempted to establish the existence of an agreement between Harriett and Clyde Clark which changed the estate created by the deed to one of tenancy in common, the trial court found that such an agreement did not exist. This finding is overwhelmingly supported by the evidence and, though the appellants assert that it was erroneous, they advance no argument in support of their contention. Since the finding of the lower court respecting the alleged subsequent agreement is clearly supported by substantial evidence, we conclude that the estate initially created was not changed by any subsequent agreement of the parties.

The question remaining is whether the estate so created was that of joint tenancy or was an estate by the entireties. The appellants urge that the deed vested in Mr. and Mrs. Clark an estate by the entireties which, upon the divorce of the parties, was converted by operation of law into a tenancy in common. This argument is supported by citations of authority tending to establish that the conveyance would create an estate by the entireties in some jurisdictions, Jurewicz, v. Jurewicz, 317 Mass. 512, 58 N.E.2d 832 (1945); Cullum v. Rice, 236 Mo.App. 1113, 162 S.W.2d 342 (1942); Hoyt v. Win-

stanley, 221 Mich. 515, 191 N.W. 213 (1922); and that a divorce will, in the majority of jurisdictions, recognizing the estate by the entireties, transform such an estate into a tenancy in common. Anno., 59 A.L.R. 718 (1929); Anno., 52 A.L.R. 980 (1928).

Whether the estate by the entireties is an accepted mode of ownership of property in Montana has been an open question. In In re Marsh's Estate, 125 Mont. 239, 243, 234 P.2d 459, 462 (1951), this court stated:

"The common law rule that a conveyance to a husband and wife created a tenancy by the entirety has been replaced by the statutory rule that such a conveyance creates an interest in common unless expressly declared to be a joint interest. A tenancy by the entirety could be created only when the intention to create such tenancy was clearly and unmistakably expressed." However, that statement is not authority for the proposition that an estate by the entireties is a possible form of ownership in this state. This court merely assumed such fact, for the purpose of the decision and held that the property in question, government bonds, could not be held in an estate by the entireties because of the right of either co-owner to sell the bonds and extinguish the other's interest. Following In re Marsh's Estate, supra, this court held that a husband and wife became vested with a joint tenancy under a conveyance to them as "joint tenants". Hennigh v. Hennigh, 131 Mont. 372, 309 P.2d 1022 (1957) (see note, 19 Mont.L.Rev. 69, Fall, 1957). The Hennigh case is significant in the present context because the language used is open to the interpretation that the common-law estate by the entireties has been supplanted in Montana by the estate of joint tenancy. However, such an interpretation cannot be regarded as the holding of this court because the issue was not directly considered and its resolution was not necessary to the disposition of the case.

Because the question remains unsettled and because of the

importance of questions affecting real property titles, we will specifically consider whether the estate by the entireties is now, or should be declared by us to be, a recognized form of ownership in Montana.

The applicable statutes are herewith set forth in full:

"A husband and wife may hold real or personal property together, jointly or in common." (R.C.M.1947, § 36-108.)

"The ownership of property by several persons is either:

"1.   Of joint interests;

"2.   Of partnership interests;

"3.   Of interests in common." (R.C.M.1947, § 67-307.)

"A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants." (R.C.M.1947, § 67-308.)

"In all conveyances of real property made in joint tenancy or to tenants in estates by entirety, where the right of survivorship is contained in the grant of such conveyance, the right of survivorship is hereby expressly declared to exist by virtue of such grant." (R.C.M.1947, § 67-310.)

"Every interest created in favor of several persons in their own right, including husband and wife, is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint interest, as provided in section 67-308." (R.C.M.1947, § 67-313.)

There is also a reference to tenants by the entirety in section 91-4405, R.C.M.1947, which declares that the passage of property pursuant to a right of survivorship incident to the death of a joint owner of property shall, for the purpose of Montana's inheritance tax, be a taxable transfer.

■■ We are of the opinion that the above statutes do not reflect a legislative intent to abolish estates by the entireties, nor do they contain a legislative dictate that such estates be recognized in Montana. Although section 67-307,

188

supra, limits multiple ownership to joint interests, partnership interests, and interests in common, we do not construe this as abolishing estates by the entireties, because the latter may, and has been, characterized as a form of joint interest which is peculiar to the marriage relationship. Settle v. Settle, 56 App.D.C. 50, 8 F.2d 911, 43 A.L.R. 1079 (1925); Hoyt v. Winstanley, supra; Hoag v. Hoag, 213 Mass. 50, 99 N.E. 521 (1912); Simons v. Bollinger, 154 Ind. 83, 56 N.E. 23, 48 L.R.A. 234 (1900). By the same token, section 36-108, supra, which states that a husband and wife may hold property "jointly or in common", and section 67-313, supra, which provides that all conveyances to multiple grantees, who are not partners, shall create an interest in common "unless declared * * * to be a joint interest," do not, in our opinion, abolish the estate by the entireties.

The fact that section 67-308, supra, defines a joint interest as one "created by a single will or transfer, when expressly declared * * * to be a joint tenancy" does not alter our conclusion, for that definition provides no answer to the question of what would be created if the instrument expressly attempted to create an estate by the entireties. We must, therefore, interpret section 67-308 as stating that a joint tenancy is a joint interest within the meaning of the several statutes under consideration, but that a joint interest is not necessarily limited to the estate of joint tenancy. This conclusion is reinforced by section 67-310, supra, which speaks alike of conveyances in joint tenancy and "to tenants in estates by entirety" and expressly recognizes a right of survivorship when such right is contained in a conveyance creating either form of estate. Since a right of survivorship is traditionally a characteristic inherent in a joint estate as distinguished from an estate in common, the most reasonable conclusion, upon reading section 67-308 and section 67-310 with reference to each other, is that the former does not delimit the term "joint interest" to the estate of joint tenancy.

In placing the foregoing construction upon the Montana statutes, we part company with the Supreme Court of California, which held that statutes similar to sections 67-307, and 67-313, supra, reflected a legislative intent to abolish estates by the entireties. Swan v. Walden, 156 Cal. 195, 103 P. 931 (1909). The California decision is not supported by any real analysis of the problem, from the standpoint of statutory construction, and, moreover, a statutory equivalent to section 67-310, supra, was not considered by the court. Therefore, we do not find the California case persuasive.

█ █ Having concluded the above statutes do not abolish estates by the entireties, the next question before us is whether they mirror a legislative intent that such estates be recognized in this state. In our opinion they do not. It seems clear that the purpose of section 67-310, supra, is merely to guarantee the existence of a right of survivorship when such is expressed in a conveyance of an estate with respect to which the right of survivorship is a traditional characteristic. When the statute was enacted, in 1943, the question of whether an estate by the entireties could be created in Montana was unsettled and thus it was only natural that this form of estate, which includes the right of survivorship, should be named in the statute along with the estate of joint tenancy. For the same reason, a reference to "tenants by the entirety" was made in section 91-4405, supra, which states the inheritance tax consequences of the operation of a right of survivorship.

Because the Legislature has neither abolished nor decreed the existence of an estate by the entireties, our next source of inquiry is dictated by R.C.M.1947, § 12-103, which provides:

"The common law of England, so far as it is not repugnant to or inconsistent with the constitution of the United States, or the constitution or laws of this state, or of the codes, is the rule of decision in all courts of this state."

█ The common law of England within the meaning of

the statute is "that body of jurisprudence as applied and modified by the courts of this country up to the time it became a rule of decision in this commonwealth." Aetna Accident & Liability Co. v. Miller, 54 Mont. 377, 382, 170 P. 760, L.R.A.1918C, 954 (1918). See also, Herrin v. Sutherland, 74 Mont. 587, 241 P. 328, 42 A.L.R. 937 (1925); Gas Products Co. v. Rankin, 63 Mont. 372, 207 P. 993, 24 A.L.R. 294 (1922); State ex rel. Metcalf v. District Court, 52 Mont. 46, 155 P. 278, L.R.A.1916F, 132 (1916).

We are thus in the happy position of being confronted with a wealth of authority and of being able to select the principle which we find most in keeping with logic and with our concept of modern property law. A number of courts have held that estates by the entireties are nonexistent in their particular jurisdiction. Whyman v. Johnston, 62 Colo. 461, 163 P. 76 (1917); Swan v. Walden, supra; Helvie v. Hoover, 11 Okl. 687, 69 P. 958 (1902); Kerner v. McDonald, 60 Neb. 663, 84 N.W. 92 (1900); Appeal of Robinson, 88 Me. 17, 33 A. 652, 30 L.R.A. 331 (1895); Wilson v. Wilson, 43 Minn. 398, 45 N.W. 710 (1890); Mittel v. Karl, 133 Ill. 65, 24 N.E. 553, 8 L.R.A. 655 (1890). Conversely, a number of other jurisdictions recognize the existence of estates by the entireties. Bloomfield v. Brown, 67 R.I. 452, 25 A.2d 354, 141 A.L.R. 170 (1942); Dodd v. First National Bank, 117 Or. 691, 245 P. 504 (1926); Hurd v. Hughes, 12 Del.Ch. 188, 109 A. 418 (1920); Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, 201 S.W. 67, L.R.A.1918C, 1009 (1918); Hoag v. Hoag, supra; Baker v. Stewart, 40 Kan. 442, 19 P. 904, 2 L.R.A. 434 (1888).

Those jurisdictions which refuse to recognize estates by the entireties either find a legislative intent to abolish that form of ownership, Swan v. Walden, supra; Wilson v. Wilson, supra, or conclude that modern legislation, which gives the wife a separate legal identity, has eliminated the basis for the legal fiction upon which the estate by the entireties was founded. Whyman v. Johnston, supra; Helvie v. Hoover,

supra; Kerner v. McDonald, supra; Appeal of Robinson, supra. (Montana has such legislation. R.C.M.1947, Chap. 1, Title 36; See Conley v. Conley, 92 Mont. 425, 15 P.2d 922 (1932)). In those jurisdictions where the estate by the entireties is recognized, the courts, when confronted with the argument that modern legislation affecting the legal rights of married women has rendered such estates obsolete, reply that no such purpose can be imputed to that legislation. Those courts reason that the purpose of the married women's property acts was merely to eliminate the inequality resulting from the fictitious merger of the wife's legal identity into that of the husband; therefore, while the acts eleminated the old principle that the husband had the absolute right of dominion, control and enjoyment of his wife's property, they did not destroy existing property rights and estates. Bloomfield v. Brown, supra; Stifel's Union Brewing Co. v. Savy, supra; Baker v. Stewart, supra.

We are of the opinion that the most persuasive reasoning is to be found in those decisions refusing to recognize the existence of the estate by the entireties on the ground that modern statutes have eliminated the basis for the creation of such an estate. Befort the enactment of such statutes, the consequence of a conveyance to a man and wife was, in the language of Blackstone, as follows:

"* * * They are neither properly joint-tenants, nor tenants in common: for husband and wife being considered as one person in law, they cannot take the estate by moieties [halfs], but both are seised of the entirety * * *." 1 Cooley's Blackstone 583 (4th ed. 1890). To perpetuate such a technical distinction when, under modern systems of jurisprudence, including Montana's, the very basis for its existence has vanished, is not, in our opinion, consistent with the flexibility and dynamism which is one of the great virtues of the common law. We need not inquire into all of the policy considerations underlying the question of whether such incidents of an estate by the entireties as nonalienability by one spouse without the

consent of the other, or immunity of the property from the claims of creditors of only one of the co-owners, are desirable or undesirable. Suffice it to say that when these incidents spring from a legal fiction which is not even recognized today, we find that they have no place in the law of Montana.

Accordingly, we hold that the estate by the entireties is not a permissible mode of ownership of property in Montana. Therefore, the deed in the instant case is open to but one construction, i.e., the property in question was, at the time of the death of Clyde E. Clark, held by him and Harriett Clark in joint tenancy. Hennigh v. Hennigh, supra.

The judgment of the lower court is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON and DOYLE, concur.