No. 90-424

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN THE MATTER OF THE ESTATE
OF HOWARD L. SANDER, Deceased.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard R. Buley, Esq., Tipp, Frizzell & Buley,
        Missoula, Montana

    For Respondent:

        Charles H. Recht, Esq., Recht & Greef, P.C.,
        Hamilton, Montana

        Thomas W. Trigg, Esq., Missoula, Montana

FILED

FEB 26 1991

Filed:   *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   January 24, 1991

Decided:   February 26, 1991

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is a dispute over property which was included in the estate of Howard L. Sander. The District Court of the Fourth Judicial District, Missoula County, ruled that four contested items of property were not part of the estate and were the sole property of the surviving joint tenant, Mary Sander. The estate of Jean Sander appeals. We vacate the judgment in part and affirm in part.

The issues are:

1. Did the District Court err in holding that the contested property was held by the deceased in joint tenancy with his ex-wife rather than in tenancy in common?

2. Did the court improperly admit into evidence certain hearsay testimony concerning the decedent's statements of intent regarding ownership of the contested property?

Howard and Mary Sander were married from 1946 through 1977. Their three surviving children are now adults. During their marriage, Howard and Mary owned, as joint tenants, ranch land and mineral rights in North Dakota. When the family moved to Montana in 1971, Howard and Mary disposed of the North Dakota real estate but retained mineral rights therein. They invested the proceeds of the sale of the North Dakota property in land which they purchased as joint tenants in Montana.

In 1977, the marriage of Howard and Mary was dissolved. The dissolution decree provided in part:

> the real and personal property accumulated by the parties during their marriage [shall] be equitably distributed and if the parties are not able to come to an amicable agreement as to the division of their property, the Court will hold the necessary hearings to make such division in an equitable manner.

Howard and Mary never sought further assistance of the court in dividing their marital property.

Both during and after their marriage, Howard and Mary contracted to sell portions of their Montana property. Three of the properties in dispute here, which shall be referred to as the Van Wagoner property, the DiFrancesco property, and the Buffalo Bill Ranch, were sold on contracts. Howard and Mary also leased their North Dakota mineral rights. They usually split the payments received on the contracts and leases.

Howard died in July 1987. At that time, he was married to Jean Sander, who became the personal representative of his estate. When she completed the inventory and appraisement for the estate, Jean included in the list of property the North Dakota mineral rights, the Van Wagoner property, the DiFrancesco property, and the Buffalo Bill Ranch. Mary filed an objection that these items should not be included in the estate. After a hearing, the court ruled that Mary held sole title to the disputed property as the sole surviving joint tenant.

3

# I

Did the District Court err in holding that the contested property was held by the deceased in joint tenancy with his ex-wife rather than in tenancy in common?

In Montana, a joint interest in property is created when the transfer of the property expressly declares the interest to be a joint tenancy. Section 70-1-307, MCA. If not specifically declared in its creation to be a joint tenancy, an interest in favor of several people is an interest in common. Section 70-1-314, MCA. It is not disputed that the transfers of the four properties to Howard and Mary declared their interests to be joint tenancies.

The argument pressed by Jean's estate is that the contracts for the three properties sold under contract for deed were held by Howard and Mary as tenants in common because Howard and Mary treated the proceeds of these contracts as owed one-half separately to each of them. As to the mineral rights, Jean's estate points out that Howard and Mary, acting individually, entered separate leases of those mineral rights.

The North Dakota mineral interest is an interest in real property. The Montana District Court did not have jurisdiction over an interest in real property located in North Dakota. We therefore vacate the portion of the District Court's judgment relating to the North Dakota mineral interests.

4

Howard and Mary sold the DiFrancesco property on a contract for deed which referred to them as "husband and wife, as Joint Tenants with the Right of Survivorship." That contract was later modified by an assignment of the original buyer's interest to DiFrancesco. The contract modification agreement did not state that Howard and Mary held the property as joint tenants, but it did state that "[w]ith the exception of this modification of the payment schedule, the remainder of the [original agreement] shall remain in full force and effect."

The Van Wagoner property was sold under a lease-option agreement. That document merely listed Howard and Mary by name as "sellers." Similarly, Howard and Mary sold the Buffalo Bill Ranch on a land purchase agreement which referred to them by name and did not identify them as joint tenants.

Jean's estate argues that Howard's and Mary's interests changed, under the doctrine of equitable conversion, when they sold their property and acquired an interest in personal property (the proceeds of the sales) instead of an interest in real property. But "mere change of form through equitable conversion does not automatically change the nature of the interest." In Re Estate of Rickner (1974), 164 Mont. 51, 56, 518 P.2d 1160, 1162. There was no provision in any of the contracts for deed showing an intent of the joint tenants, Howard and Mary, to sever their joint tenancies. Though Howard and Mary directed the escrow agents to pay them

5

separately, they could, and did, change those payment instructions from time to time. We conclude that the payment directions given to the escrow agents did not change the nature of Howard's and Mary's interests in the property.

Jean's estate argues that when Howard and Mary split the proceeds of the sales of their property under the contracts for deed, the unity of interest, or the right of each to enjoy the whole, was destroyed, violating the "four unities" of their title as joint tenants. The rigid requirements of the common law doctrine of the four unities are not part of Montana's statutory law on property. We hold that the splitting of the proceeds of the sales did not terminate the joint tenancies due to violation of the four unities.

Neither did the dissolution of the parties' marriage destroy their joint tenancies in these properties. A joint tenancy is not extinguished as a result of the dissolution of the marriage of the joint tenants. Clark v. Clark (1963), 143 Mont. 183, 387 P.2d 907.

We hold that the District Court was correct in ruling that the Van Wagoner property, the DiFrancesco property, and the Buffalo Bill Ranch remained the joint property of Howard and Mary Sander until Howard's death. We further hold that because Mary now holds title as the surviving joint tenant, those properties are not part of Howard's estate.

Did the court improperly admit into evidence certain hearsay testimony concerning the decedent's statements of intent regarding ownership of the contested property?

The District Court allowed into evidence testimony about statements Howard Sander made indicating that he wanted his property to remain in joint tenancy with Mary Sander so that when he passed away the property would go to her and eventually to their children. The court ruled that these statements 1) were made by a predecessor in title to Jean Sander and were adverse or against the interests of Jean Sander, 2) were against Howard Sander's own interest as a tenant in common, 3) were statements of Howard Sander's then-existing state of mind or intent, and 4) were the best source of evidence. Jean's estate argues that these statements do not qualify under any exception to the rule against hearsay evidence.

We need not discuss whether Howard's statements were admissible under any hearsay exception, because we conclude that the statements were not relevant. "Evidence which is not relevant is not admissible." Rule 402, M.R.Evid. The issue of the form of ownership of the contested property was determined by the deeds under which Howard and Mary acquired title to the property and the contracts by which they conveyed their interests in those properties. Howard's statements of his intent to remain a joint tenant

with Mary were not needed to determine who held title to the properties. They did not have any tendency to make the existence of any fact of consequence more probable or less probable than it would be without the evidence. We therefore hold that it was error to allow into evidence the testimony about Howard's statements of intent to remain in joint tenancy with Mary.

Nevertheless, because of our holding under Issue I, the judgment of the District Court is affirmed as to the Van Wagoner property, the DiFrancesco property, and the Buffalo Bill Ranch. As discussed above under Issue I, the portion of the judgment relating to the North Dakota mineral interests is vacated.

Chief Justice

We concur:

Justices

8