No. 99-237

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 103

299 Mont. 283

999 P. 2d 342

NANCY LURIE,

Plaintiff and Appellant,

v.

SHERIFF OF GALLATIN COUNTY,

WILLIAM SLAUGHTER, AND

GALLATIN COUNTY DEPUTY

SHERIFF, ROBERT CHESNUT,

Defendants and Respondents and Cross-Appellants,

ROBERT J. BLACKWELL,

Intervenor and Respondent and Cross-Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

**For Appellant:**

Charles F. Angel, Bozeman, Montana

**For Respondents:**

Marty Lambert, Bozeman, Montana

For Intervenor, Respondent:

Phillip F. Walsh, Bozeman, Montana

_____

Submitted on Briefs: October 28, 1999

Decided: April 25, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1. Nancy Lurie (Appellant) appeals from the February 4, 1999 Order of the Eighteenth Judicial District Court, Gallatin County, granting partial Summary Judgment on Count I, (claim and delivery) and full Summary Judgment on Count II, (conversion), in favor of Gallatin County Sheriff, William Slaughter, and Gallatin County Deputy Sheriff, Robert Chesnut (Respondents). We affirm in part and reverse in part.

¶2. We restate the issues Appellant raises on appeal as follows:

1. Did the District Court err in concluding that personal property owned by Appellant and her husband, Ronald Lurie (Ronald) as tenancy by the entirety in another jurisdiction is

now owned by Appellant and Ronald as either joint tenancy property or as tenancy in common property in Montana?

2. Is Appellant entitled to pursue a claim and delivery action against Respondents to recover property claimed to be owned by her sons?

## STATEMENT OF FACTS

¶3.We have previously set out the background to this case in detail in *Lurie v. Sheriff of Gallatin County* (1997), 284 Mont. 207, 949 P.2d 1163, in which we reversed and remanded the case for further proceedings. In October of 1994, Robert J. Blackwell, a bankruptcy liquidating trustee in the state of Missouri (Blackwell), obtained a judgment against Ronald for the amount of $1,121,743 in United States Bankruptcy Court, Eastern District of Missouri. This judgment was registered as a foreign judgment in the Gallatin County District Court in November of 1994. A writ of execution was then issued and execution was levied on personal property owned by Appellant and Ronald in Gallatin County. On November 23, 1994, Respondents seized the personal property from Ronald's and Appellant's residence in Bozeman, Montana. Ronald filed a petition in Montana bankruptcy court on November 28, 1994, staying all proceedings for levy or sale of Appellant's and his personal property. The bankruptcy case was dismissed in April, 1996.

¶4.On May 20, 1996, Appellant filed a complaint and affidavit against Respondents for claim and delivery (Count I) and conversion (Count II) requesting the return of personal property alleged as either: a) held as tenancy by the entirety under Missouri law; b) acquired by her with her own separate funds in Montana, or; c) gifted to her sons and therefore not subject to execution. Together with the complaint, Appellant filed a "Notice and Affidavit" addressed to Respondents requesting the return of the same personal property. There was no certificate of service or other indication the notice was actually served on or delivered to Respondents. On August 21, 1996, Blackwell was allowed to intervene in this action as a party defendant on the claim and delivery cause of action.

¶5.On appeal, this Court reversed and remanded to the district court, and all parties filed separate motions for summary judgment. Appellant argued that since the property in question was owned by her and Ronald in Missouri as tenancy by the entirety, Missouri law followed the personal property and should now be applied in this state. Respondents assert it is undisputed that Appellant failed to follow the notice procedure for third persons claiming seized personal property as required by §§ 27-17-309 and 27-18-602, MCA.

Blackwell argued that the personal property, now located in Montana, is now subject to Montana law which does not recognize tenancy by the entirety, and is therefore subject to execution on a validly issued writ.

¶6.The District Court found that the law governing personal property is decided by the situs of the property and the domicile of the owner and, therefore, Montana law applied to the property. Since under the holding of *Clark v. Clark* (1963), 143 Mont. 183, 387 P.2d 907, tenancy by the entirety is not a permissible mode of ownership of property in Montana, the District Court held that "as a matter of law, the personal property at issue in this case is owned by [Appellant] and [Ronald] as joint tenancy property or as tenancy in common property, but not as tenancy by the entirety property . . . and is properly subject to execution."

¶7.The District Court then granted partial summary judgment in favor of Respondents on Appellant's Count I and dismissed Appellant's Count II.

## STANDARD OF REVIEW

¶8.On appeal from a summary judgment, this Court reviews a case *de novo* based on the same criteria applied by the district court. *Schmasow v. Native American Center,* 1999 MT 49, ¶ 12, 293 Mont. 382, ¶ 12, 978 P.2d 304, ¶ 12 (citing *Stutzman v. Safeco Ins. Co. of America* (1997), 284 Mont. 372, 376, 945 P.2d 32, 34).

a.The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of material fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Balyeat Law, P.C. v. Hatch (1997), 284 Mont. 1, 3, 942 P.2d 716, 717 (quoting Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903).*

¶9.Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Ross v. City of Great Falls*, 1998 MT 276, ¶ 9, 291 Mont. 377, ¶ 9, 967 P.2d 1103, ¶ 9 (citing *Ash Grove Cement Co. v. Jefferson County* (1997), 283 Mont. 486, 491, 943 P.2d 85, 88); see also Rule 56(c), M.R.

Civ.P. We review a district court's grant of summary judgment *de novo*, applying the same Rule 56(c), M.R.Civ.P., criteria as the district court. *Ash Grove Cement Co.*, 283 Mont. at 491, 943 P.2d at 88.

¶10.In the usual summary judgment case, we first determine whether "the moving party met its burden of establishing both the absence of genuine issues of material fact and entitlement to judgment as a matter of law." *Ash Grove Cement Co.*, 283 Mont. at 491, 943 P.2d at 88. In the present case, the parties agree on the material facts. The question before us is whether property held by Appellant and Ronald as tenancy by the entirety in Missouri, was still held in that manner after moving to Montana. We review a district court's conclusions of law to determine whether the interpretation of the law is correct. *Ash Grove Cement Co.*, 283 Mont. at 491-92, 943 P.2d at 89.

¶11.aWhether the District Court erred in concluding that personal property owned by Appellant and her husband Ronald as tenancy by the entirety in Missouri is now owned by them as either joint tenancy property or as tenancy in common property in Montana?

¶12.Appellant contends that the District Court committed error by determining that the personal property jointly owned by her and Ronald as tenancy by the entirety in Missouri, was no longer tenancy by the entirety property after she brought that property with her and established her domicile in Montana. She argues that as tenancy by the entirety property, it was not subject to execution to satisfy a judgment against Ronald only, and therefore, Respondents wrongfully converted her property by seizing it on November 23, 1994.

¶13.Blackwell and Respondents contend the District Court properly ruled that Montana law governs Appellant's and Ronald's property, which is therefore subject to disposition to satisfy Blackwell's judgment against Ronald. Blackwell contends that § 70-1-109, MCA, clearly shows Montana law should properly apply to the instant action to resolve Appellant's ownership interest in the personal property. Section 70-1-109, MCA provides: "[i]f there is no law to the contrary in the place where personal property is situated, it is deemed to follow the person of its owner and is governed by the law of his domicile." Section 70-1-109, MCA. We conclude that the District Court was correct in determining that the law governing personal property is decided by the situs of the property and the domicile of the owner.

¶14.Blackwell further asserts that our decision in *Clark* is controlling, and the District Court correctly determined that tenancy by the entirety is not a permissible mode of

ownership in Montana. In *Clark*, we analyzed jurisdictions which recognize and those refusing to recognize estates by the entirety, concluding:

a.[w]e are of the opinion that the most persuasive reasoning is to be found in those decisions refusing to recognize the existence of the estate by the entireties on the ground that modern statutes have eliminated the basis for the creation of such an estate.

b.[W]hen these incidents spring from a legal fiction which is not even recognized today, we find that they have no place in the law of Montana.

c.Accordingly, we hold that the estate by the entireties is not a permissible mode of ownership of property in Montana.

*Clark, 143 Mont. at 191-92, 387 P.2d 911-12.*

¶15.The District Court found that "[a]lthough the property at issue in *Clark* was real estate rather than personal property, there appears to be no compelling reason to differentiate the two types of property, and the reasoning in *Clark* applies with equal force to personal property." We conclude that the District Court's interpretation of the law is correct; personal property owned by Appellant and her husband Ronald as tenancy by the entirety in Missouri may not be held in that manner in Montana. The property is now owned either as joint tenancy property or as tenancy in common property, but no longer as tenancy by the entirety, and is therefore subject to execution on a validly issued writ.

¶16.Appellant also appears to claim that *Dorwart v. Caraway*, 1998 MT 191, 290 Mont. 196, 966 P.2d 1121, somehow applies to the property in question. However, she presents no analysis of any facts that would indicate why this is the case. In response to a similar claim by Appellant the District Court stated:

a.[a]lthough [Appellant] has invoked the *Dorwar*t decision, she has neither plead nor proved any lack of notice concerning the seizure of property or her rights as a claimant. . . . Furthermore, the Dorwart court found the execution statutes unconstitutional as applied to the facts in that case, and [Appellant] has made no similar showing of lack of notice or due process. . . . The court holds that the Dorwart decision concerning the constitutionality of the execution statutes is inapplicable to the facts of this case.

¶17.We agree. We conclude that as framed by Appellant, *Dorwart* has no application to

this matter.

¶18.a Is Appellant entitled to pursue a claim and delivery action against Respondents to recover possession of property claimed to be owned by her sons?

¶19.Appellant claims Respondents seized property that was in her possession but which is owned by her sons. Citing *O'Connell v. Haggerty* (1953), 126 Mont. 442, 253 P.2d 578, Appellant argues that she may maintain an action for claim and delivery by asserting a right to possession of the property and therefore the District Court erred by dismissing the action concerning that property.

¶20.In its order, the District Court found "[i]t is undisputed that [Appellant] made no demand for possession of the personal property on the Sheriff prior to the filing of this lawsuit." Citing *O'Connell*, the court stated,

a.[a]s to items claimed to have been given by her to her sons, the sons have never been named as parties to this action. To state a cause of action for claim and delivery, a plaintiff must establish her immediate right to possession at the time the action is brought and that defendant's possession is wrongful. The court finds there is no disputed question of fact that [Appellant] has not established her ownership of these items, and therefore she has not stated a claim for relief for return of these items.

¶21.We stated in *O'Connell*, that the "very essence" of an action for claim and delivery is to try the issue of the right to possession of personal property. "In such an action it is incumbent on plaintiff to establish by the preponderance of the evidence the right to the *immediate possession* in himself at the time the action is brought, and that the defendant is wrongfully in possession." *O'Connell*, 126 Mont. at 446, 253 P.2d at 580 (emphasis added).

¶22.Respondents argue that in order to file a third-party action under Montana claim and delivery law, and § 27-17-309, MCA, the third-party claimant must file an affidavit with the sheriff who holds the property.

*If the property taken be claimed by any other person than the defendant or his agent and such person make affidavit of his title thereto or right of the possession thereof, stating the grounds of such right or title, and serve the same upon the sheriff, the sheriff shall not be bound to keep the property or deliver it to the plaintiff. . . .*

Section 27-17-309, MCA, see also *Jackson v. McDonald* (1943), 115 Mont. 269, 276-77, 143 P.2d 898, 902 (no valid claim against sheriff for claim and delivery without demand on sheriff for possession of personal property in conformity with § 9234, RCM (recodified as § 27-17-309, MCA)).

¶23. Respondents assert that because the District Court found in its order that Appellant failed to properly serve the Sheriff with such an affidavit, summary judgment should have been granted in favor of Respondents on Count I (claim and delivery). We agree. The District Court found that Appellant failed to file an affidavit and serve Respondents as required by § 27-17-309, MCA. As established in *Jackson*, this failure to follow the requirements of § 27-17-309, MCA, bars Appellant from recovery. Therefore, the District Court should have granted Respondents full summary judgment on the issue of claim and delivery.

¶24. We reverse the District Court in part, and grant Respondents full summary judgment on Count I, claim and delivery. We affirm the District Court's dismissal of Count II, conversion.

¶25. Affirmed in part, reversed in part.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER