No. 01-474

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 53N

ROBERT J. BLACKWELL, Liquidating Trustee of
Popkin & Stern Liquidating Trust,

Plaintiff and Respondent,

v.

RONALD U. LURIE,

Defendant and Appellant,

NANCY LURIE, RYAN LURIE and MICHAEL LURIE,
as parties whose property interests are affected by the
Orders being appealed from,

Appellants.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Bryan P. Fay and Christopher R. Angel; Angel Law Firm,
Bozeman, Montana

For Respondent:

Philip Walsh; Walsh & McKenna, Bozeman, Montana

Submitted on Briefs:  December 6, 2001

Decided:  March 26, 2002
Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Ronald U. Lurie, Nancy Lurie, Ryan Lurie, and Michael Lurie appeal from two orders entered by the Eighteenth Judicial District Court, Gallatin County, relating to Robert J. Blackwell's efforts to enforce a foreign judgment against Ronald U. Lurie.  We affirm.

¶3    Blackwell's efforts to collect on a $1.1 million Missouri bankruptcy court judgment against Ronald U. Lurie have brought the parties before this Court on several occasions.  See State ex rel. Blackwell v. District Court (1997), 282 Mont. 530, 934 P.2d 1041;  Lurie v. Sheriff of Gallatin County (1997), 284 Mont. 207, 949 P.2d 1163 (Lurie I); Blackwell v. Lurie (1997), 284 Mont. 351, 943 P.2d 1318; Lurie v. Blackwell (1997), 285 Mont. 404, 948 P.2d 1161 (Lurie II);  Lurie v. Sheriff of Gallatin County, 2000 MT 103, 299 Mont. 283, 999 P.2d 342 (Lurie III).  Here, the District Court granted a preliminary injunction prohibiting Ronald U. Lurie and Nancy Lurie from transferring two parcels of real property located in Gallatin County, Montana, pending trial of Blackwell's fraudulent transfer action against them.  The court also extended until November 9, 2004, the period in which Blackwell is entitled to have writs of execution issued on the foreign judgment which has been filed in Gallatin County.  The Luries contend the District Court erred in issuing both of the above orders.  They also argue the court erred in ordering that all the personal property previously seized by the Gallatin County Sheriff may be sold at a sheriff's sale to satisfy the judgment against Ronald U. Lurie, with half of the proceeds to be returned to Nancy Lurie.

¶4    Our standard of review of an order granting or denying a preliminary injunction is whether the district court abused its discretion.  Sweet Grass Farms, Ltd. v. Board of County Com'rs of Sweet Grass County, 2000 MT 147, ¶ 20, 300 Mont. 66, ¶ 20, 2 P.3d 825, ¶ 20 (citation omitted).  The remaining issues on appeal represent questions of law.  Consequently, our standard of review is whether the district court's conclusions are correct.  See Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

¶5    A preliminary injunction may be granted in any of the five situations described in § 27-19-201,

MCA. The District Court granted Blackwell's application for a preliminary injunction under subsection (2), finding that it appeared Blackwell will suffer irreparable injury if the injunction is not granted, and also under subsection (1), finding that it appeared Blackwell was entitled to relief consisting of restraining the commission of the act complained of. The Luries challenge the preliminary injunction by contending Blackwell is unable to show he will suffer irreparable harm or injury if a preliminary injunction is not granted under § 27-19-201(2), MCA, because the lis pendens which he has filed against their Gallatin County real property will fully protect him from subsequent purchasers or encumbrancers. They do not challenge the District Court's finding under, and application of, § 27-19-201(1), MCA, in issuing the preliminary injunction.

¶6    We need not address the Luries' challenge to the preliminary injunction on the grounds set forth in § 27-19-201(2), MCA. Even if they prevailed on the contention they advance, the District Court's issuance of the preliminary injunction under § 27-19-201(1), MCA, remains a separate, independent and unchallenged basis on which to uphold the preliminary injunction. We conclude, therefore, that the District Court did not abuse its discretion in granting the preliminary injunction.

¶7    The Luries' challenge to the District Court's order extending the period in which Blackwell may have writs of execution issued is indirect. They point out that the bankruptcy court judgment, filed in Gallatin County as a foreign judgment, is for a deficiency calculated at $1,121,743, but that the bankruptcy court ordered the amount is to be reduced if the amount of the deficiency is ultimately determined to be less. As a result, the Luries claim the exact amount of the deficiency has not been established and, therefore, no judgment currently exists which satisfies the § 25-13-301, MCA, requirement that a writ of execution state the amount actually due on the judgment. We disagree. The bankruptcy court judgment is for a sum certain and the Luries have not established the occurrence of any condition subsequent obligating Blackwell to seek modification of the judgment. We hold the District Court did not err in extending the period in which Blackwell may have writs of execution issued.

¶8    In extending the time for obtaining writs of execution, the District Court also specifically gave Blackwell authority to sell, at sheriff's sale, personal property which has been seized by the Gallatin County Sheriff. The Luries raise two issues regarding this grant of authority.

¶9    First, the Luries contend there must be a judicial determination as to the respective interests of Ronald U., Nancy, Ryan, and Michael Lurie in the seized property before the sheriff sells that property. In Lurie III, ¶ 15, however, this Court determined property seized in Gallatin County that was held by both Ronald U. and Nancy Lurie is owned either in joint tenancy or tenancy in common and is subject to execution. There, Nancy Lurie also claimed that some of the personal property seized in Gallatin County was acquired by her with her own separate funds. See Lurie III, ¶ 4. We affirmed the District Court's dismissal of Nancy Lurie's claim for conversion and granted the Gallatin County Sheriff "full summary judgment" on Nancy Lurie's complaint for claim and delivery. Lurie III, ¶ 24. Lurie III is res judicata as to Nancy Lurie and all such personal property. Michael and Ryan Lurie–the adult sons of Ronald U. and Nancy Lurie–first raised their claims of interest in the property by affidavit dated October 23, 2000. As a result, their claims are barred by the two-year statute of limitations set forth in § 27-2-207, MCA, which began to run in November of 1994 when the Gallatin County Sheriff seized the personal property.

¶10     The Luries also contend the District Court erred in authorizing the sale of personal property in which Nancy Lurie has a joint interest with Ronald U. Lurie, with half of the proceeds to be returned to Nancy.  They rely on our statement in Letz v. Letz (1950), 123 Mont. 494, 502, 215 P.2d 534, 538, in which this Court stated that while the undivided interest of a cotenant may be attached, the attaching officer may sell on execution only the debtor's interest.

¶11     Unlike the present case, Letz involved a pre-judgment writ of attachment by the sheriff, not a writ of execution based on a district court judgment.  The Luries cite to no statute or opinion from this Court prohibiting the District Court from ordering the sale of the personal property in the Gallatin County Sheriff's possession and the return of one-half of the gross proceeds to Nancy Lurie.  A court has the power to enforce its judgment through any order or writ necessary to carry the judgment into effect.  See Little Horn State Bank v. Stops (1976), 170 Mont. 510, 512, 555 P.2d 211, 212.  We hold the District Court did not err in ordering the sale of the personal property in the Gallatin County Sheriff's possession and the return of half the proceeds to Nancy Lurie.

¶12     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE