NO.   94-248

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

GARY KNUDSON, STAN SOLSVIK, GREG
COLVIN, SUE ANN LOVE, LARRY ANTONICH,
ADAM DAHLMAN and JASON RAMPTON,

       Plaintiffs and Appellants,

    V.

EUGENE AND LILA McDUNN,

       Defendants and Respondents.

FILED

APR 2 5 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          K. Dale Schwanke, Jardine, Stephenson,
          Blewett & Weaver, Great Falls, Montana

      For Respondent:

          E. Lee LeVeque, Conklin, Nybo,
          LeVeque & Murphy, Great Falls, Montana

                Submitted on Briefs:   February 9, 1995

                        Decided:   April 25, 1995

Filed:

_____
        Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellants Gary Knudson, Stan Solsvik, Greg Colvin, Sue Ann Love, Larry Antonich, Adam Dahlman, and Jason Rampton appeal from an order of the Eighth Judicial District Court, Cascade County, terminating a temporary restraining order, denying appellants' request for an injunction pendente lite, and awarding respondent's costs and attorney fees. The District Court issued its order following a show cause hearing on appellants' request for an injunction pendente lite at which the District Court resolved substantive issues without first obtaining respondents' answer to appellants' complaint and without allowing for full discovery by the parties.

We reverse and remand for further proceedings in accordance with this opinion.

We frame the issues as follows:

1. Did the District Court err in reaching a final determination on the merits at a show cause hearing for injunctive relief before obtaining responsive pleadings and without allowing for discovery?

2. Did the District Court err in awarding respondents' attorney fees and costs?

Each appellant owns a lot in the Addition, a housing development in Great Falls. Construction of new homes in the Addition is subject to certain restrictions. Paragraph 3 of the restrictions provides:

2

That no building should be constructed or permitted on any of the above described lots other than a one-story building or a tri-level building, and if such building shall be a tri-level design, due care shall be used in the design and erection of said tri-level building in order that the view of the surrounding territory may not be blocked for other lot owners. Buildings having an excess of one and one-half stories shall not be permitted.

Respondents purchased a lot in the Addition with the intention of building a home. They hired a Great Falls design and construction company to build their home. Respondents and the design company knew of the height restrictions contained in paragraph three of the restrictions prior to beginning construction.

In January 1994, after construction had begun on respondents' home, appellants informed respondents that if constructed as designed, their home would violate that portion of the restrictions which limits homes to no more than tri-level construction, and that portion of the restrictions which prohibits construction that blocks the view of the surrounding territory.

In response to appellants' concerns, respondents voluntarily ceased construction of their home and modified its design so that the roof line that would be four to five feet lower than originally planned. Appellants maintained that even with respondents' proposed modifications, the finished home would exceed three levels and would obstruct the view of the surrounding area. Having reached an impasse in their discussions with appellants,

respondents resumed, and ultimately completed, construction of their home.

On March 15, 1994, appellants filed a complaint seeking to obtain an injunction prohibiting respondents from completing construction. On March 17, 1994, the District Court issued a temporary restraining order halting construction of respondents' home. Respondents were ordered to appear on April 8, 1994, to show cause why an injunction pendente lite should not issue. Without waiting for responsive pleadings or discovery, the District Court, on April 18, 1994, issued its findings of fact, conclusions of law, and order terminating the temporary restraining order, denying appellants' motion for an injunction pendente lite, and awarding costs and attorney fees to respondents. It is from the District Court's order that appellants appeal.

## ISSUE 1

Did the District Court err in reaching a final determination on the merits at a show cause hearing for injunctive relief before obtaining responsive pleadings and without allowing for discovery?

"Granting a preliminary injunction is within a trial court's discretion, and we will not interfere unless manifest abuse is shown." J.M., J.R. v. Montana High School Ass'n (1994), 265 Mont. 230, 237, 875 P.2d 1026, 1030. However, if the district court arrives at a conclusion of law, no discretion is involved, and therefore, we review the district court's conclusions of law to

4

determine whether the district court's interpretation of the law is correct.  J.M., 875 P.2d at 1030.

The District Court denied appellants' request for an injunction pendente lite after concluding that:

> 2.    The presently constructed McDunn home does not violate the restrictive covenant as alleged by plaintiffs.
>
> 3.    Further, even if the McDunn home were violative of the covenant, the covenant is ambiguous in that it does not define "tri-level," "due care," "surrounding territory," [and] "one and one-half stories." Ambiguities are to be construed in favor of the McDunns and their right to have free use of their land.  The covenant is non-sensible.  While due care is to be used in the design of a tri-level home so as not to block the view, there is no such requirement that a one-story home be so constructed.  In other words it appears a one-story could block the view while a tri-level cannot.
>
> 4.    In any event, even if the McDunn home were violative of the covenants, the height covenant is unenforceable in that there have been multiple violations of the covenant in the past and plaintiffs are held to have waived their right to enforce the height covenant.
>
> 5.    The defendants are entitled to their costs not to exceed $100 and to their reasonably incurred attorney fees pursuant to M.C.A. Sec. 27-19-306 and Montana case law, specifically, Marta v. Smith, 191 Mont. 179, 622 P.2d 1011 (1981).

Appellants argue that the District Court erred in denying their application for an injunction pendente lite because the District Court made findings and conclusions regarding appellants' claims and defenses without first obtaining respondents' answer and without allowing for discovery.  Appellants contend that the show cause hearing was a de facto final hearing on the merits where both

parties presented conflicting testimony and evidence without the benefit of full discovery and requisite pleadings.

A preliminary injunction may be granted when it appears that the continuance of an act would produce a great or irreparable injury to the applicant. Section 27-19-201, MCA; See Awareness Group v. Board of Trustees of School Dist. No. 4 (1990), 243 Mont. 469, 795 P.2d 447. A preliminary injunction does not determine the merits of the case, but rather, prevents further injury or irreparable harm by preserving the status quo of the subject in controversy pending an adjudication on the merits. Boyer v. Karagacin (1978), 178 Mont. 26, 33, 582 P.2d 1173, 1177. Before the district court can issue a preliminary injunction, the applicant must establish a prima facie case, or show that it is at least doubtful as to whether the applicant will suffer irreparable injury before an adjudication on the merits. If either showing is made, courts are inclined to issue the preliminary injunction. Porter v. K. & S. Partnership (1981), 192 Mont. 175, 181, 627 P.2d 836, 839. If, however, a preliminary injunction will not preserve the status quo and minimize harm to all parties pending a full trial on the merits, it should not be issued. Porter, 627 P.2d at 839.

When granting temporary relief by injunction, it is not the province of the district court to determine matters that may arise during a trial on the merits. Porter, 627 P.2d at 839. The record shows that the District Court determined matters at the show cause

6

hearing that should have been determined at a trial on the merits. Both parties presented substantial testimony, witnesses, and exhibits without the benefit of full discovery and without the benefit of responsive pleading to appellants' complaint. During a show cause hearing on a preliminary injunction, the district court should restrict itself to determining whether the applicant has made a sufficient case to warrant preserving a right in status quo until a trial on the merits can be had. Porter, 627 P.2d at 839.

We hold that the District Court erred in reaching a final determination on the merits at a hearing for injunctive relief before obtaining responsive pleadings and without allowing for discovery. We remand for a trial on the merits to determine what, if any, permanent equitable relief appellants are entitled to after the requisite pleadings have been filed and the parties have completed discovery.

## ISSUE 2

Did the District Court err in awarding respondents' attorney fees and costs?

The District Court concluded that respondents were entitled to their costs, not to exceed $100, and to their reasonably incurred attorney fees pursuant to § 27-19-306, MCA, and Marta v. Smith (1981), 191 Mont. 179, 622 P.2d 1011.

Because this matter is being remanded to the District Court for further proceedings, we reverse the award of attorney fees and costs.

We reverse and remand for further proceedings in accordance with this opinion.

_William E Hunt Sr_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_Terry Trieweiler_

_____

_W. William Leaphart_
Justices