No.  97-132

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


NANCY LURIE,

Plaintiff/Respondent,

v.

SHERIFF OF GALLATIN COUNTY, WILLIAM
SLAUGHTER, and GALLATIN COUNTY DEPUTY
SHERIFF, ROBERT CHESTNUT,

Defendants/Respondents,
and

ROBERT J. BLACKWELL,

Intervenor/Defendant/Appellant.


APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Philip F. Walsh, Walsh & McKenna, Bozeman, Montana

For Plaintiff/Respondent:

Charles F. Angel, Angel Law Firm, Bozeman, Montana

For Defendants/Respondents:

Martin D. Lambert, Gallatin County Attorney, Bozeman, Montana


Submitted on Briefs: July 23, 1997
Decided:  August 14, 1997
Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal by Robert J. Blackwell, Intervenor/Defendant/Appellant, from the District Court's December 18, 1996 Findings of Fact and Conclusions of Law and Order and from its December 24, 1996 Judgment in favor of Nancy Lurie, Plaintiff/Respondent, on her complaint for claim and delivery and conversion which she filed against the Sheriff of Gallatin County and his deputy. We reverse and remand for further proceedings consistent with this opinion.

Issues

Robert J. Blackwell raises two issues on appeal:

1. Whether the District Court erred in issuing a judgment on the merits of the case.

2. Whether the District Court erred in ruling that the property should be returned to Nancy Lurie because she allegedly held the property in tenancy by the entirety with her husband.

Since we reverse and remand on the first issue, we decline to address the second.

Background

Because of the importance of the procedural posture of this case to our decision, we set forth the background of this matter in some detail.

Nancy Lurie (Nancy) is a resident of Bozeman, Gallatin County, Montana. Robert J. Blackwell (Blackwell) is the Liquidating Trustee for the Popkin & Stern Liquidating Trust. In October 1994, judgment was entered in favor of Blackwell and against Nancy's husband, Ronald Lurie, in the United States Bankruptcy Court, Eastern District of Missouri, Eastern Division, Case No. 92-42218-293. On November 9, 1994, this judgment was filed as a foreign judgment in the Montana Eighteenth Judicial District Court, Gallatin County, as Cause No. DV 94-770. A writ of execution was then issued against Ronald Lurie on this judgment. On November 23, 1994, the Sheriff served the writ on Nancy and took possession of certain itemized personal property (the property) from Nancy's residence in Bozeman. Nancy, claiming ownership of the property, filed suit against the Sheriff and his deputy (collectively referred to herein as the Sheriff), on May 20, 1996, as Cause No. 96-179, alleging causes of action for claim and delivery and for conversion.

At the time of filing her complaint, Nancy also filed a petition for temporary restraining order (TRO) requesting the District Court to issue a Temporary Restraining Order preventing the Sheriff from holding the Sale on said personal property May 28, 1996; that the Court issue its Order to Show Cause setting a hearing as soon as practicable to determine whether a preliminary Injunction should be issued preventing the sale or disposal of said personal property pending outcome of the litigation filed

herein.

Although the TRO is not actually included in the record before us in this appeal, it appears from a minute entry in the court file dated May 30, 1996, that on the date Nancy filed her complaint and petition, the District Court issued the requested TRO and an Order to Show Cause.  Moreover, and again while the actual supporting documentation is not in the record, the May 30, 1996 minute entry indicates that Blackwell (though not a party to Nancy's suit) and the Sheriff were served with the TRO and show-cause order and, pursuant thereto, appeared before the District Court by counsel at a show-cause hearing on May 30, 1996.  The transcript of this proceeding indicates that the purpose of the hearing was to allow the Sheriff to show cause why a TRO should not remain in effect "pending a determination on the merits of who owns [the] property that is subject to the sheriff's sale."  In fact, at the outset of the hearing, Nancy's counsel acknowledged that her position was that "the matter should be held in abeyance until there has been a determination of who owns this property."  While the court thereafter engaged counsel in a general discussion related to the effect of the underlying bankruptcy, the subject property being allegedly owned by Nancy and by her husband as tenants by the entirety and the choice of law issues, no testimony or evidence was offered or received on the merits of the allegations in Nancy's complaint regarding her acquisition or ownership of the property.  The show-cause hearing closed with the Sheriff agreeing to hold the property without public sale pending further proceedings, with the court ordering further briefs from the parties on their respective positions as to the issues mentioned above, with the court continuing the TRO and with the court refusing to entertain Blackwell's objection to the continuance of the TRO on the basis that, since he was not a party, he lacked standing to object.

On June 13, 1996, the Sheriff filed his answer to Nancy's complaint pleading insufficient knowledge, and therefore a denial, as to her substantive factual allegations concerning her acquisition and ownership of the property and her legal conclusions and seeking guidance from the court as to how to dispose of the property.  On July 9, 1996, Blackwell filed his motion to intervene to which was attached his proposed answer and his objection to the TRO or preliminary injunction.  At the same time he also filed a supporting brief on the matter of intervention.  On July 12, 1996, Nancy filed her response to Blackwell's motion to intervene.  In this response she agreed that Blackwell should be allowed to intervene.  Additionally, she offered comment on Blackwell's proposed answer, noting that since he had stated in this document that he was without sufficient information to admit or deny Nancy's verified claims as to her acquisition and

ownership of the property, there were no facts before the court to rebut her allegations in that respect. Nancy concluded her response with a request that the court grant her the relief which she requested in her brief filed that same date in accordance with the court's direction at the May 30, 1996 show-cause hearing.

In this brief, Nancy set out her legal position on the issues discussed at the hearing-- i.e., the nature of her ownership interest in the property and whether the property could be levied upon to satisfy the judgment against her husband. Nancy argued that the property was acquired by her and her husband as tenants by the entirety in Missouri, that removal of the property to Montana did not change the nature of that ownership, and that the property was not subject to execution. Consistent with her comment on Blackwell's proposed answer, Nancy took the position in her brief that since the Sheriff's answer had pled insufficient information to admit or deny her verified and sworn claims as to her acquisition and ownership of the property that her factual allegations and legal conclusions were, therefore "undisputed and uncontroverted" and that she was entitled to the return of the property. She concluded her brief with a request that the court allow oral argument in support of her position.

On August 21, 1996, the court granted Blackwell's motion to intervene and also granted him 20 days to further plead and to file a response brief regarding the issues raised at the May 30, 1996 show-cause hearing. On September 10, 1996, Blackwell filed his brief in opposition to Nancy's complaint and petition for TRO. In that document, Blackwell addressed the issues discussed at the May 30, 1996 hearing, attaching various copies of the underlying bankruptcy proceedings. Specifically, Blackwell argued that the property was governed by Montana law, that Montana did not recognize tenancy by the entirety and that the Montana Uniform Enforcement of Foreign Judgments Act did not mandate recognition of every foreign statute. Blackwell concluded that Nancy's legal position was not supported and that the TRO was not properly issued and should be dissolved. Blackwell's brief was supplemented three days later, on September 13, 1996, with certified copies of the bankruptcy documents that he had attached to his September 10, 1996 brief.

On September 17, 1996, Nancy filed her reply brief declining to analyze Blackwell's arguments, noting that in her opening brief she had requested that she be allowed to present oral argument in support of her position and to comment on the matters contained in Blackwell's filings, and, again, observing that "[t]he only facts before the Court are those contained in the Verified Complaint filed herein and in the affidavits by Plaintiff." Nancy also reiterated her position that since she claimed ownership of the property as a tenant by the entirety, the property was not subject to

execution sale.

On December 18, 1996, the District Court entered its Findings of Fact and Conclusions of Law and Order. The court noted that the "Defendants" (it is not clear whether this reference is simply to the Sheriff or to the Sheriff and Blackwell) pleaded insufficient information to admit or deny Nancy's sworn allegations and therefore denied the same but had not filed any affidavits to contradict her pleadings. The court acknowledged the parties' briefs and that no testimony had been taken. The court then went on to find, among other things, as "undisputed" facts that many items of the property in question were acquired by Nancy and her husband while domiciled in Missouri, that many items of such property were acquired with separate funds of Nancy, that when Nancy moved to Montana she brought with her from Missouri the property seized by the Sheriff, and that some of the property seized by the Sheriff had previously been given to Nancyþs sons. After discussing various legal authorities, the court then concluded that based on the "undisputed" facts and Blackwell's and the Sheriff's failure to "disprove" Nancy's assertions in her verified complaint regarding her acquisition of the property, the law supported a ruling in her favor. The court then quashed the writ of execution, enjoined the Sheriff from holding the execution sale and ordered the return of all property seized by the Sheriff to Nancy without liability for storage costs.

On December 23, 1996, Blackwell moved for rescission or a stay of the court's order arguing that the court had exceeded its authority by ruling on the merits of Nancy's complaint when the only motion and issue before the court involved a request by Nancy for an injunction preventing sale of the property pending trial. The following day, December 24, 1996, the court entered judgment in favor of Nancy in accordance with its Findings, Conclusions and Order without addressing Blackwell's motion for rescission or stay. This appeal followed.

Discussion

Whether the District Court erred in issuing a judgment on the merits of the case.

Blackwell argues on appeal that the District Court manifestly exceeded its authority in issuing its December 18, 1996 Findings of Fact and Conclusions of Law and Order and its December 24, 1996 Judgment disposing of Nancy's complaint on the merits when the only motion or application pending before the court was her request for a preliminary injunction prohibiting the Sheriff from selling the property pending trial on the allegations in her complaint. Blackwell maintains that a trial court can reach the ultimate issues in a case by only one of two methods--a motion for summary judgment or a motion for

judgment on the pleadings, neither of which was filed by Nancy; or by a trial on the merits, which was not had in the case at bar.

Nancy contends that the trial court did not err in reaching the merits because the court's decision was based on the sworn facts set out in her verified complaint and affidavit which were uncontroverted by the Sheriff or Blackwell and were, therefore, "undisputed." Nancy maintains that "[i]n essence, the Court was presented with an agreed case and entered its order in accordance with the agreed upon facts." We disagree.

At the outset, we observe that, with the qualifications previously mentioned, the only substantive documents in the District Court file are the pleadings, Nancy's petition for TRO and supporting affidavit, the various briefs discussed above, the courtþs decision and judgment from which this appeal is taken and Blackwellþs objections thereto. No motion for summary judgment or motion for judgment on the pleadings was filed by Nancy, no discovery was conducted by either party, and there has never been an evidentiary hearing or trial on the matter of Nancy's acquisition and ownership of the property.

Nancy and the court take the position that the sworn allegations in her complaint and affidavit as to her acquisition and ownership of the property were undisputed and uncontroverted by either Blackwell or the Sheriff and that, therefore, the court properly disposed of the case on the merits. Unfortunately, the latter erroneous conclusion flows from the former mistaken premise. As to the substantive allegations in Nancy's complaint that she owned the property with her husband as tenants by the entirety having acquired the property in Missouri and that she acquired many items of the property with her separate funds, both the Sheriff and Blackwell pleaded that they were without sufficient information to admit or deny such allegations and that, therefore, they denied the same. Moreover, in his answer at paragraph IX, Blackwell additionally asserted that he denied each and every allegation in Nancy's complaint not specifically admitted. Under Rule 8(b), M.R.Civ.P., the legal effect of pleading insufficient information to admit or deny an asserted claim is a denial of the averment. Accordingly, Nancy's and the court's conclusions that Nancyþs claims as to her acquisition and ownership of the property were undisputed and uncontroverted were erroneous as a matter of law. The Sheriff effectively denied such allegations in his answer and Blackwell denied such allegations both effectively and unequivocally in his. Nancy's claims in this regard were both disputed and controverted, and without further development of the factual basis for her allegations as to her acquisition and ownership of the property by discovery, by

trial or by a properly noticed and supported motion for summary judgment, the court was in no position to rule on the merits of these issues. Contrary to Nancy's argument, this case was not submitted to the court on agreed facts. Indeed, her factual allegations as to her acquisition and ownership were very much disputed having been placed at issue by the Sheriff's and Blackwell's answers.

Moreover, it is clear from Nancy's petition for TRO and from the statements of counsel at the show-cause hearing, that the only matter at issue there was whether the Sheriff should be enjoined from selling the property at execution sale pending resolution of the issue of the ownership of the property. This purpose was effectively accomplished when the Sheriff agreed not to dispose of the property pending further order of the court and when the court continued the injunctive relief initially granted via the TRO. Regardless of what facts concerning Nancy's acquisition and ownership of the property were at issue and regardless of the legal questions raised by the court and briefed by counsel concerning the effect of the underlying bankruptcy proceedings, choice of law, and ownership by tenancy by the entirety, the only matter properly before the court was Nancy's request for preliminary injunctive relief.

In Knudson v. McDunn (1995), 271 Mont. 61, 894 P.2d 295, we held that it is not the province of the district court to determine in proceedings for temporary or preliminary injunctive relief matters that may arise during the trial on the merits.

During a show cause hearing on a preliminary injunction, the district court should restrict itself to determining whether the applicant has made a sufficient case to warrant preserving a right in status quo until a trial on the merits can be had.

Knudson, 894 P.2d at 298 (citing Porter v. K. & S. Partnership (1981), 192 Mont. 175, 183, 627 P.2d 836, 840). In Porter, we stated:

In granting temporary relief by injunction, courts of equity should in no manner anticipate the ultimate determination of the questions of right involved. Rather, the court should decide merely whether a sufficient case has been made out to warrant the preservation of the property or rights in status quo until trial, without expressing a final opinion as to such rights. . . . Findings and conclusions directed toward the resolution of the ultimate issues are properly reserved for final trial on the merits.

Porter, 627 P.2d at 840.

Similarly, in the case at bar, we hold that, as a matter of law, the District Court erred by going beyond the petition and matter before it--i.e., that of preserving the status quo and preventing the execution sale of the property via preliminary injunctive proceedings--and by, instead, anticipating the ultimate issues to be resolved at

trial and by disposing of  the case on the merits.  In doing so, the court negated Nancyþs burden of proving her allegations concerning acquisition and ownership by a preponderance of the evidence, and, without notice, effectively precluded discovery, deprived Blackwell and the Sheriff of their opportunity to disprove Nancy's allegations concerning her acquisition and ownership of the property and, thus, denied their right to procedural due process in violation of Article II, Section 17 of Montana's Constitution.

The District Court's December 18, 1996 Findings of Fact and Conclusions of Law and Order and its December 24, 1996, Judgment are reversed and this case is remanded for further proceedings consistent with this opinion.

/S/   JAMES C. NELSON

We Concur:

/S/  J. A.  TURNAGE
/S/   KARLA M. GRAY
/S/  TERRY N. TRIEWEILER
/S/  WILLIAM E. HUNT, SR.