No. 98-663

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 333

297 Mont. 392

994 P.2d 11

JEFFERSON COUNTY, a political subdivision of the

State of Montana, by and through its Board of Commissioners,

Plaintiff and Respondent,

v.

McCAULEY RANCHES, a Limited Liability Partnership,

Defendant and Appellant,

APPEAL FROM: District Court of the Fifth Judicial District,

In and for the County of Jefferson,

The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gregory W. Duncan; Harrison, Loendorf, Poston & Duncan,

Helena, Montana

For Respondent:

Valerie D. Wilson, Jefferson County Attorney, Boulder, Montana

Submitted on Briefs: August 12, 1999

Decided: December 29, 1999

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶ Appellant McCauley Ranches (hereafter, McCauley) appeals from the judgment and order of the Fifth Judicial District, Jefferson County.

¶ We affirm.

¶ We restate the issues as follows:

¶ 1. Whether the District Court abused its discretion in enjoining McCauley from interfering with public access on McCarty Creek Road.

¶ 2. Whether there was sufficient credible evidence in support of the District Court's determination that McCarty Creek Road is a county road.

Standard of Review

¶ We review a district court's findings of fact to determine whether they are clearly erroneous. Rule 52(a), M.R.Civ.P. In Interstate Production Credit v. DeSaye (1991), 250 Mont. 320, 820 P.2d 1285, we adopted the following three-part inquiry:

> First, the Court will review the record to see if the findings are supported by substantial evidence. Second, if the findings are supported by substantial evidence we will determine if the trial court has misapprehended the effect of evidence. Third, if substantial evidence exists and the effect of the evidence has not been misapprehended, the Court may still find that "[A] finding is

'clearly erroneous' when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed."

*Interstate Production Credit*, 250 Mont. at 323, 820 P.2d at 1287 (citations omitted). We review a district court's conclusions of law *de novo* to determine whether they are correct. *See* Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. Further, we review a district court's grant of injunctive relief for abuse of discretion. *See* Butler v. Germann (1991), 251 Mont. 107, 114, 822 P.2d 1067, 1072 (citation omitted) (concluding "issuance or refusal of injunction is addressed to the discretion of the trial court").

Factual and Procedural Background

¶ On August 17, 1998 Jefferson County (hereafter, the County) filed a complaint for a temporary injunction and orders allowing entry upon land for survey and setting a show cause hearing. On the same date, the District Court issued a "Temporary injunction; Restraining Order and Order to Show Cause" prohibiting McCauley from obstructing ingress and egress on McCarty Creek Road. The District Court further ordered McCauley to allow the County's officials, "the surveyor and any and all of said surveyor's employees and\or agents entry upon Section 35, T6N, R4W, and any other portion of surrounding land necessary to locate and survey McCarty Creek Road." The District Court set a show cause hearing for August 31, 1998.

¶ On August 31, 1998 the District Court held an evidentiary hearing and both parties introduced evidence. McCauley filed a motion to dismiss the County's action. In late September, 1998, the District Court issued its findings, conclusions, and order and in October, 1998 the District Court issued its "order Granting Injunction & Survey."

¶ The District Court determined that the issue was whether a road partly located on McCauley's property in Section 35, T6N, R4W "as access to the public domain," was a County road known as McCarty Creek Road. The District Court found that there was extensive documentary evidence confirming the existence of McCarty Creek Road, including two petitions, in 1883 and 1924, and a deed, from McCauley's predecessor, Northern Railroad, to one Jones Miller, in which the railroad "reserv[ed] an easement for a public road or roads heretofore laid out and now existing over and across any part of the described land."

¶ The District Court noted that in June, 1997 McCauley, "apparently conceding the existence of the McCarty Creek Road, petitioned the present [County] Commissioners to abandon it." That petition was denied. In January, 1998 McCauley's agents denied the County and the United States Forest Service access to the McCarty Creek Road in the "NE 1/4 of Sec. 35." The County served McCauley with notice that he was obstructing use of McCarty Creek Road. In June, 1998 McCauley again denied "State, Federal and County agents access to the adjoining State and Federal land."

¶ The District Court further found that McCauley's only evidence that McCarty Creek Road was not a County road was McCauley's own testimony and that of one County Commissioner. In contrast, the District Court found that the County introduced evidence from disinterested witnesses concerning the long-time use of McCarty Creek Road as a public road to access the adjoining State and Federal lands. Moreover, McCauley conceded that he had used McCarty Creek Road as an access to the public domain.

¶ The District Court found that McCauley had wrongfully denied the County "the proper utilization of and dedicated use of an established public road, *i.e.*, the McCarty Creek Road as it traverses the property of Defendant." The District Court denied McCauley's motions to dismiss and his motions for sanctions and attorney fees.

¶ Having concluded that the McCarty Creek Road as it crosses McCauley's property is a dedicated and established public road, the District Court enjoined McCauley, its agents and employees from "interfering with access and/or obstructing the ingress and egress on the McCarty Creek Road, a county road." The District Court further ordered that the County and its agents "are permitted entry on the E ½ section 35, T6N, R4W, as necessary to survey McCarty Creek Road." Finally, the District Court noted that "[t]he Court assumes that all the evidence in this case is in and that this order is final subject only to appeal. If the Court is mistaken, counsel should advise."

## Discussion

¶ 1. Whether the District Court abused its discretion in enjoining McCauley from interfering with public access on McCarty Creek Road.

¶ McCauley argues that the District Court erred in making "a complete and final determination," determining title, and issuing an injunction at the show cause hearing when the only issue at the show cause hearing was whether the temporary injunction and

restraining order should remain in effect until the matter could be heard on the merits. Further, McCauley contends that the District Court's issuance of a permanent order without allowing McCauley the benefit of trial was a denial of due process under Article II, Section 17 of Montana's Constitution in essence because McCauley was not allowed to conduct discovery or to have a "final hearing."

¶ The County responds that it did not claim a right to title or possession of McCauley's property but rather acted to protect the right of the public to use McCarty Creek Road. The County argues that the show cause hearing was not meant to continue the restraining order but rather to allow McCauley to show cause why a permanent injunction should not be granted. The County argues that the District Court's injunction maintains the status quo and that the injunction is proper under §§ 27-19-301 and -303, MCA. The County argues further that there is no "underlying action" that would make injunctive relief inappropriate because the County does not have title to McCarty Creek Road. Further, the County argues that McCauley did not raise its due process claim below and therefore is barred from raising it on appeal.

¶ McCauley correctly asserts that title should not be determined in actions for injunction. In National Bank v. Bingham (1928), 83 Mont. 21, 35, 269 P. 162, 167 (citation omitted), we concluded that "[t]itle to or right of possession of real estate is not triable by injunction." We have further concluded that in granting temporary relief by injunction, "it is not the province of the district court to determine matters that may arise during a trial on the merits." Knudson v. McDunn (1995), 271 Mont. 61, 65, 894 P.2d 295, 298.

¶ However, McCauley has misconstrued both the nature of the proceedings in District Court and the nature of the County's interest in McCarty Creek Road. Although McCauley asserts that the "show cause hearing . . . was a hearing to ascertain title to the road in question," the record belies his assertion. As previously discussed, the County did not initiate a quiet title action but moved the District Court to enjoin McCauley from interfering with the public's use of McCarty Creek Road and to order McCauley to allow people on his land as necessary to survey McCarty Creek Road.

¶ We turn to the County's interest in McCarty Creek Road. In Bolinger v. City of Bozeman (1972), 158 Mont. 507, 510-11, 493 P.2d 1062, 1064, we concluded that the interest "[in a common-law dedication of a road] vested in the public is an easement." We further concluded that "[t]he grant of an easement is the grant of a use and not a grant of title to the land." *Bolinger*, 158 Mont. at 511, 493 P.2d at 1064 (citation omitted).

Similarly, in Bailey v. Ravalli County (1982), 201 Mont. 138, 146, 653 P.2d 139, 143, we concluded that "the interest the public acquired by the original dedication had the effect of an easement for road purpose, not a fee simple transfer." In *Bailey*, the Court noted § 70-17-101, MCA, which provides in part that "[t]he following land burdens or servitudes upon land may be attached to other land as incidents or appurtenances and are then called easements: . . . (4) the right of way." Thus, in the present case, we conclude that the County's right of way in McCarty Creek Road is an easement and that the County's suit did not place title at issue.

¶ McCauley's reliance on several of this Court's decisions to argue that the District Court should not have granted an injunction at the show cause hearing is misplaced. In Lurie v. Sheriff of Gallatin County (1997), 284 Mont. 207, 944 P.2d 205, republished at 949 P.2d 1163, the Court concluded that the district court erred "by going beyond the petition and matter before it--i.e., that of preserving the status quo and preventing the execution sale of the property via preliminary injunctive proceedings--and by, instead, anticipating the ultimate issues to be resolved at trial and by disposing of the case on the merits." *Lurie*, 284 Mont. at 215, 949 P.2d at 1167. In *Knudson* the district court issued a temporary restraining order halting construction of the respondents' home. At the show cause hearing, the district court terminated the temporary restraining order and denied appellants' motion for an injunction *pendente lite* "without waiting for responsive pleadings or discovery." *Knudson*, 271 Mont. at 64, 894 P.2d at 297. The *Knudson* Court concluded that "the District Court determined matters at the show cause hearing that should have been determined at a trial on the merits." *Knudson*, 271 Mont. at 65, 894 P.2d at 298.

¶ McCauley's reliance on *Lurie* and *Knudson* is misplaced because those cases had underlying issues whose consideration was erroneously foreclosed by the district courts' pretrial rulings. In the present case there are no underlying issues. The County sought injunctive relief simply to preserve McCarty Creek Road's status quo as a county road.

¶ Finally, McCauley's reliance on Porter v. K & S Partnership (1981), 192 Mont. 175, 627 P.2d 836, is also misplaced. Porter, a property owner in a subdivision, brought suit against K & S, the owner of another house in the subdivision, to prevent K & S from renting its house as an apartment triplex. Porter argued that such use of the house would violate restrictive covenants. The district court granted a preliminary injunction enjoining K & S from using the house for any purpose but that of a single family dwelling and allowed K & S to show cause later why the injunction should not become permanent. *Porter*, 192 Mont. at 177, 627 P.2d at 837. The Court in *Porter* concluded that the district court manifestly

abused its discretion in granting the preliminary injunction, in part because the preliminary injunction did not maintain the status quo. *Porter*, 192 Mont. at 181-82, 627 P.2d at 840. The *Porter* Court defined status quo as " 'the last[,] actual[,] peaceable, noncontested [status] which preceded the pending controversy[.]' " *Porter*, 192 Mont. at 181, 627 P.2d at 839 (quoting State v. Sutton (Wash. 1940), 98 P.2d 680, 684).

¶ On its face *Porter* would seem inapplicable because in *Porter* the preliminary injunction preceded a show cause hearing and in the present case the District Court granted injunctive relief *after* a show cause hearing. Even assuming *arguendo* that *Porter* applies in the present case, the record shows that the status quo that "preceded the [present] controversy" is the public's use of McCarty Creek Road. *Porter*, 192 Mont. at 181, 627 P.2d at 839 (citation omitted). Thus, unlike the preliminary injunction in *Porter*, the injunction in the present case merely maintained the status quo. Moreover, McCauley has not shown that the District Court's injunction has failed to minimize the injury or damage to all parties in the controversy. *Compare Porter*, 192 Mont. at 182, 627 P.2d at 840 (concluding that "[a]lthough no finding of injury or damage is required for a preliminary injunction . . . it is the court's duty to minimize the injury or damage to all parties to the controversy").

¶ McCauley urges that its due process rights have been violated by the District Court's error in granting permanent relief at the show cause hearing and that it has been denied its day in court and its opportunity to develop discovery. The record shows that McCauley has not preserved this issue for review. Although McCauley argues that he did not have sufficient time to prepare for the show cause hearing and to conduct discovery, the record shows that he never moved for a continuance. McCauley claims that "[a]t trial, Appellant objected to the proceeding;" however, McCauley does not specify the nature of his objection nor does he refer "to particular parts of the record, suitably designated, and to specific pages of each part." Rule 23(e), M.R.App.P. Further, in its final order, the District Court concluded that "this order is final subject only to appeal. If the Court is mistaken, counsel should advise." McCauley did not advise or move the District Court to reconsider its judgment; rather, McCauley simply filed a notice of entry of judgment. The rule is well established that we do not consider issues raised for the first time on appeal. *See* Unified Industries, Inc. v. Easeley, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15. Moreover, we note that the record establishes that McCauley had his "day in court," that he filed a responsive pleading to the County's complaint, and that he had a hearing at which he presented evidence.

¶ Nor, finally, has McCauley pointed to anything that would justify this Court's exercise of the plain error doctrine. *Compare* State ex rel. Ins. Fund v. Berg (1996), 279 Mont. 161, 173, 927 P.2d 975, 982 (citation omitted) (concluding that "[u]nder very limited circumstances, the plain error doctrine permits review of errors not objected to at trial which result in substantial injustice by denying a party a fair trial").

¶ We hold that the District Court did not abuse its discretion in enjoining McCauley from interfering with the public's use of McCarty Creek Road.

¶ 2. Whether there was sufficient credible evidence in support of the District Court's determination that McCarty Creek Road is a county road.

¶ McCauley argues that the District Court's declaration that McCarty Creek Road is a county road was not supported by substantial credible evidence. McCauley argues that the evidence presented at the show cause hearing not only failed to establish that McCarty Creek Road is a county road but failed to locate the road. McCauley argues further that McCarty Creek Road was not created by the statutory petitioning process that governed when the road was allegedly created and that the District Court therefore erred in determining that it is a county road.

¶ The County responds that substantial credible evidence supported the District Court's finding that McCarty Creek Road is a county road. The County concedes that the creation of McCarty Creek road was procedurally deficient and that an 1895 petition described the location of the road with landmarks that are no longer recalled. However, the County notes that later petitions, in 1896 and 1898, more clearly showed the location of McCarty Creek Road. More importantly, the County argues that under this Court's decision in Reid v. Park County (1981), 192 Mont. 231, 627 P.2d 1210, strict compliance with statutory procedures for the creation of a road is not necessary if the record as a whole shows that a public road has been established.

¶ McCauley's apparent argument that the failure to locate a county road extinguishes such a road is without merit. McCauley offers no authority for this position. Moreover, the District Court found that McCauley prevented the County from conducting a survey to establish the location of the road. Despite McCauley's interference, the record contains substantial testimony confirming the existence and use by the public of McCarty Creek Road.

¶ McCauley is further mistaken in arguing that the mere presence of contradictory testimony on the existence and status of the McCarty Creek Road means that the District Court erred in determining that it is a county road. "Even when there is a conflict in the evidence, we will uphold the court's evidence where there is substantial credible evidence to uphold its findings of fact and conclusions of law." Lorenz v. Estate of Schilling (1989), 236 Mont. 82, 84, 768 P.2d 869, 870 (citation omitted).

¶ We turn to McCauley's argument that statutory procedures were not followed in the creation of McCarty Creek Road. In *Reid* the plaintiff, Reid, appealed from the judgment of the district court, refusing to quiet title in a road crossing his property and concluding that Park County had established a public road under the statutes then in effect. The district court determined that any defects in the statutory proceedings were cured by § 32-103, R.C.M. (1947) (now repealed). Reid argued that the proceedings undertaken to establish the road were defective because the County did not produce a copy of the petition showing either a description of the road or that the petition had been signed by ten qualified petitioners. In addition, Reid argued that the records did not show that the County commissioners had given notice to affected landowners.

¶ The Court in *Reid* concluded that the record of the county commissioner proceedings failed "to establish that the county commissioners had originally acquired jurisdiction." *Reid*, 192 Mont. at 233, 627 P.2d at 1212. The *Reid* Court noted that under its previous decisions, the curative statute could not cure a jurisdictional defect. *Reid*, 192 Mont. at 233, 627 P.2d at 1212. However, the *Reid* Court concluded that "[t]o presently adhere to the same requirement imposes an unrealistic burden on the public to prove on the face of the record that its public officials had jurisdiction to create a public road." *Reid*, 192 Mont. at 234, 627 P.2d at 1212. The Court in *Reid* held:

> *we now adopt the rule that it is sufficient if the record taken as a whole, shows that a public road was created. Otherwise, the burden on the public in a particular case to prove a public road was created so many years ago may well be unsurmountable.* Here, the potential hardship is not bad because we also hold that the public acquired the road in question by prescriptive use. But, if we did not now overrule [our previous decisions] on the jurisdictional issue, a private landowner may, in a particular case, be able to keep the public from going through land because the public's records of a road no longer support a determination that the public had originally acquired jurisdiction to create the road.

*Reid*, 192 Mont. at 236, 627 P.2d at 1213 (emphasis added).

¶ Applying *Reid* in the present case, we determine whether the "record taken as a whole, shows that a public road was created." *Reid*, 192 Mont. at 236, 627 P.2d at 1213. In the present case, the District Court's findings included the following. Two petitions confirm the existence of McCarty Creek Road "as claimed by the County." In 1883, territorial commissioners established the road. The route was "discontinued" in 1886 because of the cost of maintenance. However, in 1895, 1896, and 1898 the County was presented with petitions to change the road but did not act on those petitions. McCauley's predecessor, Northern Pacific Railroad, recognized the road in its deed to a Jones Miller. In addition, a 1903 US Geological Survey Map confirmed the "existence of a road in the location of the current McCarty Creek Road." In 1924, pursuant to a petition, the Commissioners placed gates across the road to control access but kept the road open to the public. Moreover, in June, 1997 McCauley, "apparently conceding the existence of the McCarty Creek Road," petitioned the Commissioners to abandon the road. His petition was denied. The District Court also found that the County "introduced evidence of disinterested witnesses of the long time utilization of the McCarty Creek Road as a public road for access to the adjoining State and Federal lands." We conclude that the record as a whole shows that a public road was created.

¶ We hold that substantial credible evidence supported the District Court's determination that McCarty Creek Road is a county road.

¶ Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

No

/S/ JIM REGNIER